**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAMPAIGN FOR ACCOUNTABILITY,<br>611 Pennsylvania Avenue SE, #337<br>Washington, DC 20003<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br><br><br>*Defendant.* | Case No. 20-cv-0583 |

## COMPLAINT

1.      Plaintiff Campaign for Accountability brings this action against the U.S. Department of Health and Human Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant U.S. Department of Health and Human Services has failed to comply with the applicable time-limit provisions of the FOIA, Campaign for Accountability is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C.

§ 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff Campaign for Accountability ("CfA") is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public.  CfA uses research, litigation, and communications to expose misconduct and malfeasance in public life. Through research and FOIA requests, CfA uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government, local and state governments and other public actors through reports, published analyses, press releases, and other media.  The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of Health and Human Services ("HHS") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).  HHS has possession, custody, and control of the records that CfA seeks.

## STATEMENT OF FACTS

7.      Title X is a federal grant program dedicated to providing comprehensive family planning and related preventative healthcare services and is designed to prioritize low-income individuals.

8.      Obria Medical Clinics, together with its affiliate Obria Group (collectively "Obria"), is a collection of nonprofit pregnancy centers that do not offer contraceptive choices, including condoms, beyond fertility awareness and oppose abortion without exception.

9.      Obria applied for Title X grant funding in fiscal years 2018 and 2019.  On March 29, 2019, HHS awarded Obria $1.7 million in Title X funding for Fiscal Year 2019.

10.    As a Title X grantee, Obria is required to submit quarterly financial reports, audits, family planning reports, and annual progress reports.

11.    CfA submitted two separate FOIA requests to HHS seeking documents and records related to Obria's required reporting and communications under its Title X grant.  The specifics of each request are set out in detail below.

*FOIA Request #1 — Obria Program Reporting*

12.    On January 2, 2020, CfA submitted a FOIA request to HHS seeking:

> All Quarterly Financial Reports, Single Audits, Family Planning Reports, and Annual Progress Reports submitted to the agency by Title X recipient The Obria Group, Inc.

13.    This request sought all responsive records from October 28, 2019, to the date of the search.  A copy of CfA's January 2, 2020 FOIA request regarding Obria's Title X reporting is attached hereto as Exhibit A and is incorporated herein.

14.    On January 3, 2020, HHS sent CfA an acknowledgment letter assigning tracking number 2020-00388-FOIA-OS.

15.    On January 10, 2020, HHS sent CfA a second acknowledgement letter assigning updated tracking number 2020-00434-FOIA-PHS.

16.    On February 3, 2020 and again on February 26, 2020 CfA emailed HHS requesting an update regarding the status of this request.  HHS has sent no response.

*FOIA Request #2 — Obria Communications and Reporting*

17.    On October 28, 2019, CfA submitted a FOIA request to HHS seeking:

> All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, reports, disclosures, or other documents received by any HHS employee or representative from, sent by any HHS employee or representative to, or exchanged between any HHS employee or

representative and any employee or representative of Obria Group or Obria Medical Clinics.

All program reporting correspondence and materials, sliding fee schedules, evaluations, documentations, audit reports, accounting records, and action plans received by HHS from, sent by HHS to, or exchanged by HHS and the following organizations: Obria Group or Obria Medical Clinics.

All "Assurance and Action Plans Documenting Steps to Come into Compliance" and "Statements and Supporting Evidence with Compliance Requirements" submitted by Obria Group or Obria Medical Clinics.

18.     This request sought all responsive records from April 4, 2019, to the date of the search.  A copy of CfA's October 28, 2019 FOIA request regarding communication with Obria and HHS's evaluation and reports regarding Obria's Title X application is attached hereto as Exhibit B and is incorporated herein.

19.     HHS has not sent CfA any acknowledgment of, tracking number for, or communication concerning this request.  On December 18, 2019, January 16, 2020, and again on February 26, 2020 CfA emailed HHS requesting an update regarding the status of this request. HHS has sent no response.

*Exhaustion of Administrative Remedies*

20.     As of the date of this Complaint, HHS has failed to (a) notify CfA of a final determination regarding any of the FOIA requests, including the scope of any responsive records HHS intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

21.     Through HHS's failure to respond to CfA's FOIA requests within the time period required by law, CfA has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

22.    CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23.    CfA properly requested records within the possession, custody, and control of HHS.

24.    HHS is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

25.    HHS has failed to promptly review agency records for the purpose of locating those records that are responsive to CfA's FOIA requests.

26.    HHS's failure to conduct adequate searches for responsive records violates FOIA.

27.    Plaintiff CfA is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly make reasonable efforts to search for records responsive to CfA's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

28.    CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29.    CfA properly requested records within the possession, custody, and control of HHS.

30.    HHS is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

31.    HHS is wrongfully withholding non-exempt agency records requested by CfA by failing to produce records responsive to its FOIA requests.

32.     HHS is wrongfully withholding non-exempt agency records requested by CfA by failing to segregate exempt information in otherwise non-exempt records responsive to CfA's FOIA requests.

33.     HHS's failure to provide all non-exempt responsive records violates FOIA.

34.     Plaintiff CfA is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, CfA respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to CfA's FOIA requests;

(2) Order Defendant to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to CfA's FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to CfA's FOIA requests;

(4) Award CfA the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant CfA such other relief as the Court deems just and proper.

Dated: February 27, 2020

Respectfully submitted,

*/s/ Alice Clare Campbell Huling*

Alice Clare Campbell Huling
CAMPAIGN FOR ACCOUNTABILITY
611 Pennsylvania Ave. SE, #337
Washington, D.C. 20003
(202) 780-5750
ahuling@campaignforaccountability.org

*Counsel for Plaintiff*
*Campaign for Accountability*